IN THE CIRCUIT COURT OF THE FIFTH JUDICIAL CIRCUIT
IN AND FOR HERNANDO COUNTY, FLORIDA
CIVIL DIVISION

MOISHE LEVISON, on behalf of
himself and others similarly situated,

    Plaintiff,

v.                                CASE NO.:

MASTEC, INC., a Florida Profit Corporation
and MASTEC SERVICES COMPANY, INC.,
a Florida Profit Corporation,

    Defendants.
_____/

## COMPLAINT

Plaintiff, MOISHE LEVISON ("Plaintiff"), on behalf of himself and others similarly situated, hereby sues the Defendants, MASTEC, INC., and MASTEC SERVICES COMPANY, INC. (collectively, "Defendants") and alleges as follows:

### JURISDICTION, VENUE AND PARTIES

1. This is an action for damages in excess of Fifteen Thousand Dollars ($15,000.00) exclusive of interest and costs.

2. Venue lies within Hernando County because a substantial part of the events giving rise to this claim arose in this Judicial District.

3. At all times material, Plaintiff is and was a resident of the State of Florida.

4. At all times material, Defendant, MASTEC, INC., was/is a Florida Profit Corporation authorized to conduct business in the State of Florida, with its principal place of business in Coral Gables, Florida.

5. At all times material, Defendant, MASTEC SERVICES COMPANY, INC.,

was/is a Florida Profit Corporation authorized to conduct business in the State of Florida, with its principal place of business in Coral Gables, Florida.

## GENERAL ALLEGATIONS

6. Defendants contract with DirectTV for the installation of satellite dishes, satellite receivers, and related equipment necessary for receiving satellite signals from DirectTV.

7. Defendants are employers as defined by Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b), et seq. ("FLSA") and the Florida Private Whistleblower's Act, Fla. Stat. § 448.101, et seq.

8. At all material times, Defendants were an enterprise covered by the FLSA, and as defined by 29 U.S.C. §203(r) and 203(s). Additionally, Plaintiff was engaged in interstate commerce during his employment with Defendants.

9. Plaintiff was employed by Defendants from March 2013 through April 2015 as an installation and service technician.

10. This action is brought under, inter alia, the FLSA to recover unpaid overtime compensation and minimum wages owed to Plaintiff and all others similarly situated who are or were employed by Defendants as installation and service technicians.

11. Plaintiff and others similarly situated were employees of Defendants under the FLSA.

12. Defendants failed to comply with the FLSA because Plaintiff, and other similarly situated employees, were regularly required to work in excess of forty (40) hours a workweek but were not paid overtime compensation as required by the FLSA.

13. Defendants refuse to pay Plaintiff an other similarly situated employees for: (1) travel time to and from job assignments; (2) time spent at Defendants' facilities obtaining the necessary tools and equipment to perform their jobs; (3) time spent closing out jobs; (4) time spent at job sites at which an installation or service is not completed, or where an order is cancelled; (5) time spent in meetings with supervisors; and (6) other time worked for which compensation is owed.

14. The additional persons who may become plaintiffs in this action are employees who held positions similarly situated to Plaintiff and who were required to work in excess of forty (40) hours a workweek but were not paid overtime compensation as required by the FLSA.

15. Defendants' management knowingly encourages and facilitates the misreporting of hours by Plaintiff and other similarly situated employees, in violation of the FLSA.

16. Defendants' violations of the FLSA were knowing, willful and in reckless disregard of the rights of Plaintiff and all other similarly situated.

17. As evidence of Defendants' willfulness, Defendants have been aware for years that their pay practices are violative of the FLSA, but rather than correct such unlawful practices, Defendants instead force employees to sign a form in which they purport to acknowledge that they will be bound to a dispute-resolution policy which infringes their rights to pursue their FLSA remedies in court. Plaintiff did not sign such a form.

18. Defendants' practice of forcing employees to sign a form in which they purport to acknowledge that they will be bound to a dispute-resolution policy which

infringes their rights to pursue their FLSA remedies has been held to violate federal law. *See MasTec Services Co. Inc.*, No. 16-CA-086102 (NLRB 2013). As further evidence of Defendants' willfulness, Defendants continue to attempt to enforce this practice, despite their knowledge that the practice violates federal law.

19.  Plaintiff has been required to retain the undersigned counsel to represent him in this action and is obligated to pay them a reasonable fee for their services.

20.  On or about March 24, 2015, Plaintiff complained to management, objecting to Defendants' unsafe and illegal working conditions. Specifically, Plaintiff objected to operating the motor vehicle assigned to him because it had severely bald and unsafe tires.

21.  Operating a motor vehicle, or requiring or permitting an individual to operate a motor vehicle, with severely bald tires is a violation of, inter alia, Florida Statute § 316.610 and the regulations of the Federal Motor Carrier Safety Administration ("FMCSA") and the National Highway Traffic Safety Administration ("NHTSA").

22.  Immediately after Plaintiff objected to the aforestated unsafe conditions, Defendants put Plaintiff on a leave of absence and commenced an investigation against him with the intent to create a pretextual basis for terminating his employment.

23.  Defendants further retaliated against Plaintiff by, inter alia, harassing him, trespassing on Plaintiff's property to harass him at home, turning off his telephone and calling him at home at all hours of the night.

24.  Subsequently, in retaliation for his complaints about unsafe working conditions, Defendants terminated Plaintiff's employment.

## COUNT I
## OVERTIME – FLSA

25.     Plaintiff hereby incorporates by reference the allegations contained in Paragraphs 1 to 24 as if fully restated herein.

26.     During the three (3) year period prior to filing this action, Defendants failed to pay Plaintiff and all other similarly situated employees overtime compensation for hours worked over forty (40) in a workweek.

27.     Defendants' failure to pay Plaintiff and all other similarly situated employees overtime compensation for hours worked over forty (40) in any workweek constitutes a violation of the FLSA, 29 U.S.C. § 207.

28.     Defendants' violations of the FLSA were knowing, willful and in reckless disregard of the rights of Plaintiff and all other similarly situated.

**WHEREFORE**, Plaintiff respectfully requests, on behalf of himself and all others similarly situated, that this Court issue an Order awarding damages in the amount of the unpaid overtime compensation owed, awarding liquidated damages pursuant to 29 U.S.C. § 216(b), awarding reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b), and awarding all such other relief as the Court deems just and appropriate.

## COUNT II
## FLORIDA PRIVATE WHISTLEBLOWER'S ACT

29.     Plaintiff hereby incorporates by reference the allegations contained in Paragraphs 1 to 24 as if fully restated herein.

30.     Plaintiff was an employee of Defendants as defined by the Florida Private Whistleblower's Act.

31.     Plaintiff was terminated from his employment with Defendants as a direct

result of and in retaliation for his reporting of and opposition to violations of a law, rule or regulation.

32. The retaliatory actions of Defendants constitute a violation of the Florida Private Whistleblower's Act.

33. As a direct result of Defendants' retaliatory actions, Plaintiff has suffered damages, including lost wages, lost benefits, emotional distress, anguish, interest and attorney's fees and costs.

**WHEREFORE**, Plaintiff demands judgment against Defendants and relief in the form of:

(i) Economic damages, including lost wages, benefits, and other remuneration;

(ii) Reinstatement of full fringe benefits;

(iii) Front and back pay;

(iv) Compensatory Damages

(v) Attorneys' fees and costs;

(vi) Prejudgment and post-judgment interest; and

(vii) Any other relief the Court deems appropriate.

### JURY TRIAL DEMAND

Plaintiff demands trial by jury as to all issues.

**DATED** this 3rd day of June, 2015.

Respectfully submitted,
WHITTEL & MELTON, LLC
*/s/ Jay P. Lechner*
Jay P. Lechner, Esq.
Florida Bar No.: 0504351
Jason M. Melton, Esq.

Florida Bar No.: 605034
One Progress Plaza
200 Central Avenue, #400
St. Petersburg, Florida 33701
Telephone: (727) 822-1111
Facsimile: (727) 898-2001
Service Email:
  Pleadings@theFLlawfirm.com
  lechnerj@theFLlawfirm.com
  daveyard@theFLlawfirm.com
Attorneys for Plaintiff