## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

MOISHE LEVISON and STEVEN
SALMONS, *on behalf of themselves and*
*others similarly situated,*

      Plaintiffs,

v.                                                         CASE NO: 8:15-cv-1547-T26AEP

MASTEC, INC., MASTEC SERVICES
COMPANY, INC., and DIRECTV, INC.,

      Defendants.

_____/

### <ins>O R D E R</ins>

Before the Court is Defendants' Amended Motion to Compel Arbitration (Dkt. 29)
and Plaintiffs' Memorandum of Law in Opposition (Dkt. 30).  After careful consideration
of the parties' submissions and the applicable law, the Court concludes that the motion
should be granted.

### BACKGROUND

The named Plaintiffs, Moishe Levison and Steven Salmons, together with other
Plaintiffs who have opted in, bring this lawsuit to recover overtime pay pursuant to the
Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b), *et seq*. (the FLSA).[1]  Plaintiffs

---

[1]  Plaintiff Levison sued in Count II for violation of the Florida Private
Whistleblower's Act under section 448.101, *et seq*., of the Florida Statutes.  Levison

were employed by Defendants as installation and service technicians.  The Amended

Complaint further alleges that DirecTV wrongfully establishes a "fissured employment

scheme" by classifying Plaintiffs as employees of the MasTec Defendants, and the

MasTec Defendants wrongfully cause the employees to sign agreements which waive

their rights to pursue class or collective actions and bind them to arbitration.  Among

other issues, Defendants subject their employees to charge backs or deductions for

problems arising with a satellite system after installation.

The named Plaintiffs and other opt-in Plaintiffs signed an agreement titled

"Dispute Resolution Policy" (the DRP) requiring them to arbitrate in accordance with the

Federal Arbitration Act (the FAA).[2]  The DRP provides that it "applies to any dispute

arising out of, or related to, Employee's employment with or termination of employment"

with the MasTec Defendants.  It "applies, without limitation, to disputes regarding the

employment relationship .  .  . and claims arising under .  .  . [the] Fair Labor Standards

Act, .  .  .  and all other state statutory and common law claims .  .  ."  In addition to

requiring binding arbitration, the DRP prohibits class and collective actions.[3]  The DRP

---

allegedly complained to management about unsafe and illegal working conditions.  See
docket 4, paras. 37 & 46-50.

[2]  See docket 29-1, Exhs. 1-8.

[3]  The DRP provides that "there will be no right or authority for any dispute to be
brought, heard or arbitrated as a class, collective or representative action .  .  ."

further permits the employee to opt out of arbitration thirty days from signing the DRP.[4]

Other opt-in Plaintiffs who were hired before February 1, 2013, received an employee

handbook which contained a substantially similar DRP.  Plaintiffs do not disagree.

## DISCUSSION

Defendants seek to compel arbitration in accordance with the DRP, primarily

relying on a case from the Middle District of Florida against MasTec, Inc.  See Sanchez

Cordero v. MasTec, Inc., No. 6:15-cv-572-Orl-31KRS (M.D. Fla. July 28, 2015)

(compelling arbitration of DRP that precluded collective actions and required arbitration

of any dispute arising out of or related to employee's employment).  This Court has

addressed the issues of whether FLSA claims are arbitrable and whether a collective action

waiver in an arbitration agreement is enforceable.  See De Oliveira v. Citicorp N. Amer.,

Inc., No. 8:12-cv-251-T-26TGW, 2012 WL 1831230 (M.D. Fla. May 18, 2012).  In De

Oliveira, the plaintiffs had acknowledged receipt of an employee handbook containing an

arbitration policy that required arbitration of FLSA claims arising out of or in any way

related to employment.  The policy also prohibited class or collective actions.  This Court

held that federal policy favors arbitration, and FLSA claims may be arbitrated, even

though the arbitration agreement prohibits class or collective actions.  De Oliveira, 2012

---

[4]   The DRP provides that "[a]n Employee may submit a form that the Employee wishes to opt out and not be subject to [this DRP]."  It further notes that "[s]hould an employee not opt out of [this DRP] within 30 days of the Employee's original receipt of [this DRP], continuing the Employee's employment constitutes mutual acceptance of the terms of [this DRP] by the Employee and the Company."

WL 1831230, at * 1-2 (following Eleventh Circuit precedent of <u>Caley v. Gulfstream Aerospace Corp.</u>, 428 F.3d 1359 (11th Cir. 2005), which enforced a collective action waiver in compelling arbitration of an individual's FLSA overtime claim).[5]  As previously discussed in <u>De Oliveira</u>, this Court is bound by Eleventh Circuit precedent.

The Eleventh Circuit has not adopted the reasoning in <u>D.R. Horton, Inc.</u>, 357 NLRB No. 184, 2012 WL 36274 (NLRB Jan. 3, 2012) upon which Plaintiffs heavily rely. <u>See</u> <u>Walthour v. Chipio Windshield Repair, LLC</u>, 745 F.3d 1326 (11th Cir. 2014) (concluding that enforcement of collective action waivers in arbitration agreements is not inconsistent with the FLSA).  "In every case the Supreme Court has considered involving a statutory right that does not explicitly preclude arbitration, it has upheld the application of the FAA."  <u>Walthour</u>, 745 F.3d at 1332 (quoting <u>Horton v. NLRB</u>, 737 F.3d 344, 357 n. 8 (5th Cir. 2013)).  The Eleventh Circuit held that there was no contrary congressional command in the FLSA that would override the FAA.  Thus, the arbitration agreements with collective action waivers were enforced.  The Plaintiffs have provided no binding authority to persuade this Court that the law has changed.  As such, Plaintiffs' argument

---

[5]  <u>See</u> <u>also</u> <u>Delano v. MasTec, Inc.</u>, No. 8:10-cv-320-T-27MAP, 2010 WL 4809081, at *3 (M.D. Fla. Nov. 18, 2010) (noting that class action waiver contained in arbitration agreement is not unenforceable "merely because the relevant statute allows for class or collective action.").

that the DRP is not a valid, legal arbitration agreement enforceable under Florida law, is

without merit.[6]

It is therefore **ORDERED AND ADJUDGED** that Defendants' Amended Motion

to Compel Arbitration (Dkt. 29) is **GRANTED.**  All proceedings in this case are stayed,

and the parties are directed to arbitrate this action pursuant to the terms of the DRP.  The

Clerk is directed to administratively close this case during the period of stay until

completion of the arbitration.  Defendant DIRECTV's Motion to Compel Arbitration (Dkt.

31) is denied as moot.

**DONE AND ORDERED** at Tampa, Florida, on August 25, 2015.


_s/Richard A. Lazzara_
**RICHARD A. LAZZARA**
**UNITED STATES DISTRICT JUDGE**


COPIES FURNISHED TO:
Counsel of Record

---

[6]   The claims must also be arbitrated as to DirecTV, as a non-signatory.  See
Maldonado v. Mattress Firm, Inc., No. 8:13-cv-292-T-33AEP, 2013 WL 2407086, at *4
(M.D. Fla. June 3, 2013) (holding that the theory of equitable estoppel under Florida law
permits a non-signatory to an arbitration agreement to be compelled to arbitration
provided the claim entails concerted conduct and the same operative facts).