# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

MOISHE LEVISON and STEVEN
SALMONS, *on behalf of themselves
and others similarly situated*,

    Plaintiffs,

v.                                                    CASE NO: 8:15-cv-1547-T-26AEP

MASTEC, INC., MASTEC SERVICES
COMPANY, INC., and DIRECTV, INC.,

    Defendants.
_____/

## **O R D E R**

**UPON DUE AND CAREFUL CONSIDERATION** of Plaintiffs' Motion for Reconsideration (Dkt. 36) of this Court's Order granting Mastec's Amended Motion to Compel Arbitration and denying as moot DirecTV's Motion to Compel Arbitration (Dkt. 33), it is **ORDERED AND ADJUDGED** that the motion is **denied.** Plaintiffs claim there is a need to correct clear error or prevent manifest injustice to invoke the extraordinary remedy of reconsideration.[1] No such clear error has been demonstrated in

---

[1] See Wi-Lan, Inc. v. HTC Corp., 951 F.Supp.2d 1291 (M.D. Fla. 2013) (listing clear error or manifest injustice as one of three available grounds for reconsideration); Cin-Q Autos., Inc. v. Buccaneers Ltd. P'ship, 2015 WL 2092810, at *2 (M.D. Fla. 2015) (noting that reconsideration is an extraordinary remedy).

view of the well-founded authority cited in this Court's order compelling arbitration, and neither has the prevention of manifest injustice been convincingly asserted.

**DONE AND ORDERED** at Tampa, Florida, on September 17, 2015.

      s/*Richard A. Lazzara*
**RICHARD A. LAZZARA**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO**:
Counsel of Record