**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

MOISHE LEVISON and STEVEN
SALMONS, on behalf of themselves
and others similarly situated,

 Plaintiffs,

v.                CASE NO. 8:15-cv-1547-T-26AEP

MASTEC, INC., MASTEC SERVICES
COMPANY, INC., and DIRECTV, INC.,

 Defendants.
_____/

**O R D E R**

**UPON DUE AND CAREFUL CONSIDERATION** of Plaintiffs' Motion to Certify Interlocutory Appeal (Dkt. 42), it is **ORDERED AND ADJUDGED** that the motion is **denied**.[1] Plaintiffs urge that whether class action waivers in arbitration agreements are enforceable under the Norris-LaGuardia Act or the National Labor Relations Act (the NLRA) is a matter of first impression for the Eleventh Circuit Court of Appeals and, therefore, there is no controlling law.[2] The Court rejects this argument in light of the extensive discussion in Walthour v. Chipio

---

[1] The Court finds it unnecessary to wait on the filing of a response.

[2] Pursuant to 28 U.S.C. § 1292(b) a district judge may certify a non-final order for review to the Eleventh Circuit if the order "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." See McFarlin v. Conseco Servs., LLC, 381 F.3d 1251, 1257-59 (11th Cir. 2004) (discussing the interpretation of the three-part test of § 1292(b)).

Windshield Repair, LLC, 944 F.Supp.2d 1267 (N.D. Ga. 2013).  The district court in Walthour pointed out that every district court in the Eleventh Circuit, including this Court, has rejected the argument that the right to bring a collective action is a non-waivable substantive right under the Fair Labor Standards Act.  944 F.Supp.2d at 1275 (citing DeOliveira v. Citicorp N. Am., Inc., No. 8:12-cv-251-T-26TGW, 2012 WL 1831230 (M.D. Fla. May 18, 2012)).  The district court also noted the trend in the Eleventh Circuit to uphold class waivers in employment contracts.  944 F.Supp.2d at 1278-79.  Moreover, Plaintiffs' observation that the National Labor Relations Board (the NLRB) continues to issue decisions holding that a class or collective action waiver violates the NLRA is of no consequence under § 1292(b), because the "difference of opinion" in the statute refers to a difference existing between the Eleventh Circuit and the district court.  McFarlin, 381 F.3d at 1258.  While orders of the NLRB enjoy considerable deference, they are not binding precedent.  See NLRB v. U.S. Postal Serv., 888 F.2d 1568, 1570-71 (11th Cir. 1989).  Based on these reasons, the Court finds that the order does not involve a controlling question of law for which there is substantial ground for difference.

**DONE AND ORDERED** at Tampa, Florida, on February 3, 2016.

    s/*Richard A. Lazzara*
**RICHARD A. LAZZARA**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO**:
Counsel of Record